ZANDER v. CLARK et al.
Civ. No. 1223–48.

United States District Court
District of Columbia.
Oct. 29, 1948.

Michael J. Keane, Jr., of Washington, D. C., for plaintiff.

George Morris Fay, U. S. Atty. and James H. Falloon, Office of Alien Property, Dept. of Justice, both of Washington, D. C., for defendants.

HOLTZOFF, District Judge.

This is an action under Title 9(c) of the Trading with the Enemy Act[1] for the return of certain property seized by the Alien Property Custodian during the Second World War. The case has been submitted to the Court on an agreed statement of facts.

The plaintiff is a lady who is a natural-born citizen of the United States. Her parents were also natural-born citizens of the United States. The property seized by the Alien Property Custodian is her interest in the estate of her grandfather, who was both a citizen and a resident of the United States.

At the opening of hostilities in September, 1939, the plaintiff was in Germany on a short temporary visit. She made efforts to return to the United States, but was unable to leave Germany. She then married a citizen of Germany. Under the Cable Act,[2] however, she retained her citi-

---

[1] Act of October 6, 1917, 40 Stat. 411, Title 50 U.S.C.A.Appendix, § 9(c).

[2] Act of September 22, 1922, Sec. 3, 42 Stat. 1022, which provides in effect that a woman citizen of the United States shall not lose her citizenship by reason of her marriage to an alien.

zenship of the United States. True, under German law, she became a citizen of Germany, but under our law she remained a citizen of the United States. Her rights should, therefore, be adjudicated on the assumption that she was a citizen of the United States. She is entitled to a determination of her rights under the laws of the United States and not under the laws of Germany.

Title 50 U.S.C.A. Appendix, § 32, of the United States Code, authorizes the President, to return property seized by the Alien Property Custodian unless the claimant is within one of the classes that are excluded from the right to obtain this relief by the provisions of Section 32. One of the excluded classes, in which the Government claims the plaintiff belongs, is defined in Subsection 2, paragraph (D). This class consists of individuals who, at any time after December 7, 1941, were citizens or subjects of a nation with which the United States was at war and who, on or after December 7, 1941, and prior to the enactment of Section 32, were present in the territory of such nation or in any territory occupied by the military or naval forces thereof. This provision, therefore, excludes certain citizens or subjects of enemy countries. The Government contends that since, under the law of Germany, the plaintiff became a citizen of Germany, she is within the excluded class. It seems to the Court that this reasoning involves a non sequitur. The Executive branch of the Government of the United States and the courts of the United States must determine the citizenship of this plaintiff not on the basis of the law of Germany but on the basis of the law of the United States.

 Under the law of the United States, as found in the Cable Act, this lady retained her American nationality. Therefore, under the law of the United States, she was not a citizen of Germany but a citizen of the United States. The Government apparently contends that a person who has dual citizenship should not be regarded as a citizen of the United States for the purposes of this provision. To adopt that construction would be, in effect, to amend an Act of Congress. The statute is clear. It is not ambiguous. It excludes persons who were citizens or subjects of an enemy country. Whether a person was such a citizen or subject must necessarily be determined by the law of the United States. It would be fallacious to apply the law of Germany in order to make that determination.

 The Court reaches the conclusion, therefore, that since the plaintiff retained her citizenship of the United States, she is not within one of the excluded classes and is entitled to a return of her property under Section 32. The same observations are equally applicable to the amendment to the Trading with the Enemy Act found in Section 12 of the Act of July 3, 1948, Public Law No. 896, 80th Cong., 50 U.S.C.A.Appendix, § 39. It is further the view of this Court that, under the Administrative Procedure Act, the action of the Alien Property Custodian, in refusing to return this property to the plaintiff, is subject to judicial review.[3]

The Court might also observe that the equities are strongly with the plaintiff. The plaintiff is a natural-born citizen of the United States, as were her parents. Her loyalty to her country it not questioned. The property involved in this case is an interest inherited by her from her American grandfather's estate. The Court is not confronted with a seizure of property that was derived from enemy sources, or might have been used to aid the enemy. The plaintiff is an American woman, who was unhappily trapped in the maelstrom of war torn Europe, while on a short visit. Unable to make her escape, she married a young man, whom she met there, but returned to the United States with her husband at the first opportunity. It seems appalling that she should be penalized by a forfeiture of her American inheritance. The law does not require such a forfeiture.

The Court will render judgment for the plaintiff.

Counsel will please submit proposed findings of fact and conclusions of law and the proposed formal judgment.

[3] Snyder v. Buck, D.C., 75 F.Supp. 902, 905–908; Act of June 11, 1946, § 10, Title 5 U.S.C.A. §§ 1001 et seq., 1009.